MERRILL *versus* SMITH.

The statute of 1847, c. 27, enacts, that a married woman may become the owner of real or personal property by bequest, demise, gift, *purchase* or distribution.

To become the owner by *purchase,* she must make it from her own property, or that of others, by their consent, for her use.

The *earnings* of a *feme covert* are the property of her husband.

And a *purchase,* made on the credit, or from the means of her husband, gives the wife no property in the article purchased.

So property, *purchased* by a *feme covert,* by the avails of her labor, belongs to her husband.

ON EXCEPTIONS from *Nisi Prius,* HOWARD, J., presiding.

Merrill v. Smith.

TRESPASS, against the late sheriff, for an act of his deputy in attaching a sleigh.

It appeared in evidence, that defendant's deputy took the sleigh upon a legal precept against the husband of the plaintiff, and the question for the jury, was whether it belonged to her husband.

Testimony was introduced by the plaintiff tending to show, that she owned the sleigh, and by defendant, tending to show, that it was the property of her husband.

The jury were instructed, that if they were satisfied by the evidence, that the sleigh was purchased with property which the plaintiff acquired during coverture by her labor, that the sleigh thereby became the property of the husband, and was liable to be attached for his debts.

The jury returned a verdict for the defendant, and the plaintiff excepted.

*C. W. Goddard*, in support of the exceptions.

1. The statutes of March 22, 1844, c. 117, and of Aug. 2, 1847, c. 27, are entitled and intended " to secure to married women their rights in property," and such a construction should be given them, as the Legislature manifestly intended to effect that purpose, and should, for that reason, and from its evident intent and spirit, be construed to entitle married women to their own earnings.

2. But even if the *actual earnings* of a married woman, *as such,* may still be left within the reach of the husband and his creditors, yet, an article "*purchased*" with those earnings, or in the language of the Judge, an article "*purchased* by property which the plaintiff acquired during coverture by her labor," is certainly acquired " *by purchase,*" and is therefore within the language and purview of those statutes which qualify the word "*purchase,*" by no condition whatever.

3. The principle, asserted in the Judge's charge, would apply not only to property purchased by the plaintiff with her earnings, but to property purchased *with* such property, and so on through any number of mutations, and an indefi-

nite period of time, which would create inconvenience, and be contrary to the expressed intent of the statutes above cited.

*Morrill* and *Fessenden, contra.*

SHEPLEY, C. J.—The Act approved on August 2, 1847, c. 27, provides, that a married woman may become the owner of real or personal property by bequest, demise, gift, purchase, or distribution. The purchase intended, is one made from her own property, or that of others by their consent for her use. Property would not become hers merely because she made the purchase on the credit or from the means of her husband. She must be presumed in such cases to act in her proper relation to him and for him. The husband does not by that act or others in *pari materia* cease to be entitled to the services of the wife. What she earns by her personal labor becomes his and not her property.

The provision contained in the second section, if it shall appear that "it was purchased with the moneys or other property of the husband," it shall be held for the prior contracted debts of the husband, was intended to apply only to cases in which the money or property of the husband, admitted to be his and not claimed by the wife, has by his consent or gift been applied to purchase property for the wife.

In this case the instructions only denied "that property which the plaintiff acquired during coverture by her labor," would thereby become hers, so that it could be used by her for the purchase of other property in her own right.

*Exceptions overruled.*

RICE, HATHAWAY and CUTTING, J. J., concurred.